UNITED STATES, Appellee

v.

JOHN VERNON MINOR, Private First Class, U. S. Army, Appellant

1 USCMA 497, 4 CMR 89

No. 315

Decided July 30, 1952

LT. COL. James C. Hamilton, USA, CAPT. John R. Sennott, USA, and 1ST LT. Charles H. Taylor, USA, for Appellant.

LT. COL. Thayer Chapman, USA, for Appellee.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

Petitioner was tried before a general court-martial on one specification alleging absence without leave for the period January 18 to March 4, 1951, contrary to the provisions of Article of War 61, 10 USC § 1533, and one speci- fication alleging that he wilfully dis- obeyed the lawful order of a noncom- missioned officer, contrary to the pro- visions of Article of War 65, 10 USC § 1537. The court-martial found him guilty of the first offense but in con- nection with the second, by exception and substitution, he was found not

guilty of the alleged offense but guilty of the lesser included crime of failure to obey in violation of Article of War 96, 10 USC § 1568. He was sentenced to a dishonorable discharge, total forfeitures and confinement at hard labor for twenty-five years. The convening authority disapproved the findings of guilty of the failure to obey and reduced the confinement to eight years. The board of review in the office of The Judge Advocate General of the Army affirmed the modified findings and sentence. Subsequently The Judge Advocate General of the Army suspended the dishonorable discharge until release from confinement. We granted review to consider the doctrine of constructive condonation.

In view of the disapproval of the finding on the failure to obey specification we eliminate any ▮ reference to that charge and mention briefly only those facts touching on the offense of absence without leave. The testimony for the Government was that petitioner was granted a leave for rest and recreation purposes; that he was scheduled to return to Korea from leave on the 17th day of January, 1951; and that he failed to put in an appearance with his unit until March 18, 1951, although he returned himself to military control in Japan on March 4, 1951. This evidence was undisputed as the accused did not testify concerning the offense and did not produce any conflicting or contrary testimony. He did, however, take the stand as a witness and testify to his version of the facts surrounding his failure to obey the lawful command given by a noncommissioned officer on March 18, 1951. After the finding of guilty the accused was again called to the stand to testify solely for purposes of mitigation and extenuation. In furnishing information for this purpose he testified: That he arrived in Korea on the 10th day of July 1950, and was assigned to a field artillery unit; that he served approximately six months as a radio operator on a forward observers' team; that he was wounded in August of that year; that he was transferred to "I" company of the 27th Infantry on December 25, 1950; that upon his re-

turn from his absence on March 18, 1951, he served with "I" Company until he was wounded on April 4, 1951; that after being hospitalized he returned to this organization on the 18th day of May; and that he served from that date until the time of trial which was held on July 5, 1951.

There are two questions to be decided in this case: (1) are the facts testified to by the petitioner sufficient to bar conviction because of constructive condonation of the offense? and (2) did the accused waive this defense by failing to assert it during the course of the trial, it being conceded that the defense was raised for the first time on appeal to this Court?

Before dealing with the two mentioned questions we dispose of one preliminary assertion. The Manual for Courts-Martial, United States, 1951, paragraph 68f, provides as follows:

"Constructive condonation of desertion.—*If an officer exercising general court-martial jurisdiction unconditionally restores a deserter to duty without trial with knowledge of the alleged desertion,* this action amounts to a constructive condonation of the desertion and may be interposed in bar of trial subsequently ordered. If an officer exercising general court-martial jurisdiction shall have directed that a deserter be restored to duty but that he remain subject to trial for the offense, such a restoration is not a constructive condonation of the desertion and the individual so restored remains subject to trial." [Emphasis supplied]

Examination of the above quoted paragraph discloses that the doctrine of constructive condonation is limited in its application to the offense of desertion and military cases have never extended the doctrine. Counsel for the accused concedes the limitation but they seek to have this Court enlarge the application of the principle to cover other offenses, particularly absence without leave. The principal reason assigned for broadening the rule is that the latter offense is an included offense of the crime of desertion and if the greater can be condoned, the lesser ought to be

subject to the same consideration. While the argument is not without merit it is extremely doubtful that this Court could, without legislative sanction, broaden the defense so as to bar the prosecution of other offenses. However, in view of our holding on the other questions, we need not foreclose further consideration of this argument in an appropriate setting.

The principles governing condonation have remained the same over many years. Colonel Winthrop in his Abridgement of Military Law, 1887, page 106, in discussing pleas and motions states as follows:

"What is known as *constructive pardon*—i.e., action not in the form of pardon but having that effect—has sometimes furnished occasion for this plea. Thus, where a deserter has been restored to duty without trial, under par. 218, A.R., *'by the authority competent to order his trial,'* this action is regarded as a constructive condonation of the offence, and may be pleaded in bar of a trial subsequently ordered." [Emphasis supplied]

The same author, in his Military Law and Precedents, 2d ed, 1920 Reprint, page 270, states the principle in the following language:

"Where a deserter has been restored to duty without trial, under par. 128, Army Regulations, *'by the authority competent to order his trial,'* this action is regarded as a constructive condonation of the offence, and may be pleaded in bar of a trial subsequently ordered. . . . But the mere restoring to command or duty, or ordering on duty, of an officer or soldier, when in arrest under charges, by his commanding officer, while regarded in the English law as practically a pardon and pleadable as such in bar of trial, is not authorized in our law to be so treated (except in the single case above mentioned as provided for in the Army Regulations,) and is not so treated in practice. . . ." [Emphasis supplied]

Paragraph 68f, The Manual for Courts-Martial, United States, 1951, requires that restoration be accomplished by the officer exercising general court-martial jurisdiction before the action amounts to condonation. It will thus be observed that over the many years the only military authority competent to restore a deserter to duty so that he might rightfully plead condonation in defense is an officer exercising general court-martial jurisdiction. We cannot ignore the plain wording of the Manual and overturn a long established principle for purely sympathetic reasons so that unless the record authoritatively shows the accused was restored to duty by his division commander then the claimed defense is not supportable. There is no such showing. The most the evidence discloses is that either the company commander of "I" Company or the regimental sergeant major ordered the accused to report to his unit or squad after he had been returned to his regimental unit. There is no showing that the division commander or any other officer exercising general court-martial jurisdiction restored the accused to duty with or without knowledge of the alleged desertion. Because there is no evidence to support the essential elements of condonation we must find against the accused on this issue.

Even though our answer to the first question disposes of the appeal, for subsequent administrative reasons we answer the second question. This concerns a waiver of the right to assert the defense on the part of the accused because he failed to enter a special plea in bar or raise the issue during the course of the trial, and must likewise be resolved against him.

The Manual for Courts-Martial, United States, 1951, paragraph 67a, provides as follows:

"Any defense or objection which is capable of determination without trial of the issue raised by a plea of not guilty may be raised before trial by reference to the convening authority, or by motion to the court before a plea is entered. . . .

"*Defenses and objections such as* that trial is barred by the statute of

limitations, former jeopardy, pardon, *constructive condonation of desertion,* former punishment, promised immunity, lack of jurisdiction, and failure of the charges to allege an offense *should ordinarily be asserted by motion to dismiss before a plea is entered; but failure to assert them at that time does not constitute a waiver of the defense or objection. Unless otherwise stated, failure to assert any such defense or objection . . —except lack of jurisdiction or failure of the charges to allege an offense—before the conclusion of the hearing of the case constitutes a waiver."* [Emphasis supplied]

Concerning the manner in which this defense must be raised, Colonel Winthrop in his 1920 Reprint, supra, states that constructive condonation may be pleaded in bar. While he does not discuss the procedure pattern to be followed in condonation, he sets out the requirements when a plea of constructive pardon is relied upon, and from our research of the military authorities constructive condonation and constructive pardon seem to have been used synonymously. In connection with constructive pardon, Colonel Winthrop points out that it should be specially pleaded by the accused, so that the prosecution may take issue on the plea. There is a burden upon the accused to produce the facts necessary to substantiate the plea and these may be controverted by the Government, thus raising questions of fact to be determined by the court-martial. Further, in discussing the principles governing the procedure on constructive pardon Colonel Winthrop states that the plea will be waived if not raised.

The section of the Manual quoted above follows the ideas expressed by Colonel Winthrop and specifically provides that failure to assert the defense of constructive condonation before the conclusion of the hearing constitutes a waiver. This provision is founded in good reason and orderly procedure. The plea, unless conceded, invariably presents issues of fact which must be decided by tribunals with fact-finding powers. It is impracticable and unwise for an appellate court to attempt to make a determination without the contentions having been asserted before a lower forum where facts throwing light on the issues can be presented properly.

Appellate counsel for the accused contend that he should be excused for not having raised the issue at the trial level in view of the fact that the authorities over the years have held that condonation can be pleaded only as a defense to the crime of desertion. Undoubtedly, the authorities have held as indicated, but this is no justification for this court permitting it to be interposed for the first time on appeal. We cannot excuse defense counsel for failure to read and understand the provisions of the Manual, particularly where its provisions are clear and unambiguous, if he did so fail. However, it is to be noted that there is no showing of a valid defense of condonation. In the case of United States v. Masusock (No. 15), 1 USCMA 32, 1 CMR 32, decided November 9, 1951, we adopted the rule announced by the Federal courts in those cases where error is asserted for the first time on appeal. The particular principle therein announced is peculiarly applicable in this case. The doctrine that condonation must be asserted during the trial or it will be deemed to have been waived has been known in the military law for many years. It is so provided in the Manual and counsel for the accused is charged with knowledge of that provision. No good reason appears why the accused, if he had a defense, should not have complied with the clearly expressed provisions of the Manual.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge BROSMAN concur.