UNITED STATES, Appellee

v.

CHARLES B. WALKER, Private First Class, U. S. Army, Appellant

1 USCMA 501, 4 CMR 93

No. 352

Decided July 30, 1952

LT. COL. Stewart H. Legendre, USA, and CAPT. John R. Sennott, USA, for Appellant.

LT. COL. Paul J. Leahy, USA, and 1ST LT. Richard L. Brown, USA, for Appellee.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

This case involves the principles concerning constructive condonation and it is controlled by our decision in United States v. Minor (No 315), 1 USCMA 497, 4 CMR 89, decided this date.

The accused was tried by general court-martial in Korea for two violations of Article 99, Uniform Code of Military Justice, 50 USC § 693. The first specification alleged that while before the enemy, he ran away from his squad and returned to the rear area. In the second specification he was charged with cowardly conduct before the enemy in that he refused to accompany his company on a combat mission. The court-martial found him guilty of the offense alleged in the first charge but not guilty of the other. He was sentenced to a dishonorable discharge, total forfeitures, and confinement for twenty years. The convening authority approved but reduced the period of confinement to ten years. A board of review in the office of The Judge Advocate General of the Army affirmed.

Generally, the evidence with reference to the offense of which the accused was convicted reveals that his company was an advance element about to move forward into an attack. Petitioner was present at 6 o'clock on the morning of the movement, but after crossing

501

the line of departure it was noticed that he was not moving with his platoon. The lieutenant in command turned and called to him to join his squad and accused replied "I am going on sick call, sir." The lieutenant again ordered accused to join his squad and then turned his attention to the attack. When the objective was reached a thorough search was made but petitioner was not found. He apparently sought safety by going absent.

The only question with which we are concerned is whether the accused's contention that his subsequent return to duty, including the bearing of arms, constituted a bar to his prosecution.

We see no practical distinction between the instant case and United States v. Minor, supra. Here, as there, the issue was not raised at the trial level and there is no evidence to sustain a finding on the necessary elements of the defense. In the Minor case, we did not expressly pass on whether condonation could be pleaded effectively as a bar to absence without leave, but we do hold in this case that the scope of the provision contained in paragraph 68f, Manual for Courts-Martial, United States, 1951, can not be extended to permit the inclusion of the offense of misbehavior before the enemy. Furthermore, we reaffirm the rules that condonation can only be established by showing restoration to duty by an officer exercising general court-martial jurisdiction, with knowledge on his part of the pending charges; and that the defense must be raised by some appropriate motion prior to termination of trial before the court-martial.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs in the result. Judge BROSMAN concurs.