UNITED STATES, Appellee

v.

AUDIE R. PERKINS, Corporal, U. S. Army, Appellant

1 USCMA 502, 4 CMR 94

No. 478

Decided July 30, 1952

LT. COL. Stewart H. Legendre, USA, for Appellant.
LT. COL. Thayer Chapman, USA, for Appellee.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

Accused was tried in Korea on two charges. The first charge and specification alleged that he deserted with intent to avoid hazardous duty by absenting himself from his unit on December 16, 1950, when combat was impending and that he remained absent until January 30, 1951. The second charge, included in one specification, alleged unauthorized absence from February 1, 1951, to February 24, 1951. He pleaded not guilty to both charges but was found guilty as charged. He was sentenced to be dishonorably discharged from the service, to forfeit all pay and allowances, and to be confined at hard labor for three years. The findings and sentence were approved by the convening authority and affirmed by the board of review. This Court, because of other pending cases, granted a review of accused's conviction, limiting the scope of review to the question of whether accused's acts were condoned by his subsequent restoration to duty.

Accused was serving in Korea as a member of the mortar section of Company L. 21st Infantry. On December 15, 1950, his company was on the line in a defensive position. The section of which he was a member was putting out harassing fire and was alerted for possible fire missions. There was danger from an imminent attack. On the above date accused was reported missing from his unit. A thorough search was conducted, but he could not be found. The record contains little information as to his whereabouts during the periods of his absence. The extract copies of morning reports, received in evidence, show that he was carried as absent without leave on December 16, 1950; was placed in confinement on January 30, 1951; and was released from confinement to duty on January 31, 1951. He again absented himself without authority on February 1, 1951, and was returned to confinement in the division stockade on February 24th of that year to await trial. Sometime thereafter he was returned to his company and performed some combat duty until the time of trial.

Accused did not testify during the trial for the offenses but after the finding of guilty he made an unsworn statement through his counsel in mitigation and extenuation. In this statement he disclosed that on February 24th he was incarcerated in the stockade, where he remained for about a month, at which time he was released from confinement, returned to his organization, and thereafter engaged in combat as a rifleman.

In the case of United States v. Minor (No 315), 1 USCMA 497, 4 CMR 89, decided this day, we discussed the principles controlling the defense of condonation. In the case of United States v. Walker (No. 352), 1 USCMA 501, 4 CMR 93, decided the same date, we affirmed those principles. It is conceded in this case that the defense was first made an issue on appeal to this court. Accordingly, our pronouncements in the two cited cases dispose of this petition. The failure to raise the defense during trial and the absence of any evidence to establish the restoration to duty by any officer exercising general court-martial jurisdiction require that the conviction be sustained.

The judgment of the board of review is affirmed.

Chief Judge QUINN and Judge BROSMAN concur.