**UNITED STATES, Appellee,**

v.

**John E. RAYMO, Private, U. S. Army, Appellant.**

**No. 29,047.**

U. S. Court of Military Appeals.

May 16, 1975.

*Captain Edward E. Shumaker, III,* argued the cause for Appellant, Accused. With him on the brief were *Colonel Victor A. DeFiori* and *Captain Gordon R. Denison.*

*Captain Conrad J. Rybicki* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Donald W. Hansen* and *Captain Raymond Michael Ripple.*

OPINION OF THE COURT

COOK, Judge:

The accused's illegal absence in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886, has resulted in his conviction and concomitant sentence. Although no doubt exists concerning the illegality of the absence or its commencement on June 7, 1969, the same cannot be said about its ending. This fact is clouded by the defense evidence presented at trial with its uncertainty being compounded by the special findings which the military judge made in his role as factfinder. Accordingly, arguments were ordered on the following issue assigned by the accused in his petition:

WHETHER THE EVIDENCE IS INSUFFICIENT AS A MATTER OF LAW TO SUSTAIN APPELLANT'S CONVICTION OF ABSENCE WITHOUT LEAVE UNTIL 9 NOVEMBER 1973 SINCE THE FACTS AS FOUND BY THE MILITARY JUDGE AND THE

UNITED STATES ARMY COURT OF MILITARY REVIEW DICTATE THE LEGAL CONCLUSION THAT APPELLANT SURRENDERED TO MILITARY CONTROL ON 21 DECEMBER 1971.

At trial, the accused testified that during his illegal absence he had occasion to go to the Selective Service Board in Poughkeepsie, New York, because of a letter he had received in which he was told to report to the board. The date that he went there was December 21, 1971. When asked for his discharge papers or anything else relating to his military status, he told them that he had none and then furnished the information that he "had been AWOL since 1969." At the time, he said, an Army officer was present who he later learned was named Carpenter and who directed him to go see the FBI, which he did. There, he claimed, one of the agents took the information he supplied about being in the military and tried unsuccessfully to verify it. Accused and the FBI agent next went to see an Army recruiter located in the same building, but this visit was also fruitless and accused later departed.

A written report of information dated December 21, 1971, from the files of the Selective Service office confirmed that accused had visited the office on that date and that a Captain Carpenter who was present advised accused to "turn himself into the FBI." By stipulation, it was established that the Captain Carpenter referred to in the Selective Service report was a member of the Adjutant General's Corps who was then on active duty as a member of the US Army.

Prior to rendering his verdict, the military judge expressed his belief that the "principles" announced in United States v. Acemoglu[1] were controlling with regard to the events of December 1971. He also made special findings at the request of defense counsel in which, as stated by the Court of Military Review, he implicitly concluded that accused had "divulged his sta-tus to Government officials at the Selective Service office, including an officer of the Army, to the FBI agent, and to an Army recruiter."[2] He then found the accused guilty of being illegally absent for the period beginning on or about June 7, 1969, and ending on or about November 9, 1973, as was charged in the specification.

Before directing our attention to the granted issue, certain apparent misconceptions of the military judge should be rectified. The facts in Acemoglu, and not the "principles" read into it by the military judge below, were the basis for its holding that accused had not terminated his absence when he visited the American Embassy in Canada. It was graphically emphasized in the language of the opinion that the accused had called the military attaché and, after being connected, talked with him. Chief Judge Darden, speaking for a unanimous court, pointed out that the accused "did not submit himself to military control" but "merely sought advice concerning his status telephonically." 21 U.S.C.M.A. at 563, 45 C.M.R. at 337. Nothing there stated sustains the view that it was the position of the officer as a military attaché which was decisive in determining his authority or ability to "effectively exercise military control over the individual," as seems to have been concluded by the military judge in the present case. Indeed, the opinion passed over the authority of a military attaché to apprehend for the obvious reason that the accused had not "reported in person to the attaché or submitted to his control." Id. In this case, the facts found specially by the military judge are markedly different.

Accused's attendance at the Selective Service Board was in response to a letter he had received and was not for purposes primarily his own. Upon his arrival, he made no attempt to conceal his identity or status, but, instead, divulged all the pertinent facts about his absence. When advised by the captain to go to the FBI, he complied and again revealed all the necessary information about himself to one of the agents.

1. 21 U.S.C.M.A. 561, 45 C.M.R. 335 (1972).

2. *United States v. Raymo*, CCM 431156 (ACMR August 29, 1974).

Although as an officer the captain was authorized to apprehend the accused, as was recognized by the Court of Military Review, his failure to do so in this instance is not determinative. His directing accused to go see the FBI was an alternate means whereby he effectively exercised military control over accused. When the accused complied with these directions, as found by the military judge, his submission to military control was complete. The conjunction of these two circumstances, therefore, effectively terminated the illegal absence. Consequently, the only legally sustainable finding is that accused's absence terminated on December 21, 1971.

Accordingly, the finding of guilty is ordered modified to reflect this fact. The record is ordered remanded to the Judge Advocate General of the Army for reassessment of the sentence by the Court of Military Review in light of this modification.

Senior Judge FERGUSON concurs.

Chief Judge FLETCHER did not participate in the decision of this case.