### UNITED STATES

v.

**Mark W. SANDELL, 538 70 6976, Private (E-1), U. S. Marine Corps**

**NCM 80 0318.**

U. S. Navy Court of Military Review.

Sentence Adjudged 1 Aug. 1979.

Decided 26 June 1980.

LCDR I. D. Warden, Jr., JAGC, USN, Appellate Defense Counsel.

LCDR John C. Vinson, JAGC, USN, Appellate Government Counsel.

Before DUNBAR, GREGORY and GLADIS, JJ.

GLADIS, Judge:

Contrary to his pleas, the accused was convicted of an unauthorized absence of more than 10 months, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886, and sentenced to a bad-conduct discharge, confinement at hard labor for 2 months, and 60 days restriction. The convening authority approved the sentence but probationally suspended the discharge and restriction. The officer exercising general court-martial jurisdiction approved the sentence as approved by the convening authority.

The accused was charged with an unauthorized absence from 17 April 1978 until 9 March 1979. He contends that the absence was terminated in July or August 1978 by his surrender to a recruiter. We reject his contention and affirm, finding that his submission to military control in the summer of 1978 was incomplete.

■ The evidence shows that while an unauthorized absentee in the summer of 1978, the accused telephoned a recruiter and told him he wished to surrender. Pursuant to the recruiter's instructions the accused presented himself at the recruiting office. The recruiter telephoned a nearby reserve center and arranged for the accused to surrender there to a captain who would obtain transportation for him to his duty station. The accused went to the reserve center, entered, became frightened, and departed before presenting himself to anyone.

■ As we noted in *United States v. Rayle*, 6 M.J. 836 (N.C.M.R. 1979), the termination of an unauthorized absence is effected by any proper exercise of military control over the absentee. *United States v. Jackson*, 1 U.S.C.M.A. 190, 2 C.M.R. 96 (1952). An absence is also constructively terminated when an absentee presents himself to military authorities with full intention of returning to duty, even when no control is exercised by military authorities, the rationale being that it would be manifestly unjust not to terminate an unauthorized absence where the absentee did everything within his power to surrender only to

have the military authority refuse to receive him or exercise control over him. This is not a case in which military authority refused to exercise control over an absentee who did everything within his power to surrender. Here the recruiter attempted to exercise control and assist the accused by arranging for his surrender to an officer who would obtain transportation for him to his duty station. His efforts were thwarted by the failure of the accused to cooperate.

In *United States v. Raymo*, 1 M.J. 31 (C.M.A. 1975), the Court of Military Appeals observed that the failure of a military officer authorized to apprehend an absentee to do so when the absentee presented himself for the purpose of surrendering was not determinative of the issue of termination because the officer effectively exercised military control over the accused by an alternate means, directing him to go and see the FBI. When the accused complied, his submission to military control was complete. The Court found that the conjunction of the two circumstances terminated the absence. Although an accused may constructively terminate an absence when he does everything in his power to surrender and military authority refuses to accept him, he cannot justifiably claim a constructive termination when he thwarts the efforts of those who are attempting to assist him to surrender by failing to cooperate with their efforts.

This case is distinguishable from those in which the absentee did everything in his power to surrender, and was not accepted after complying with all directions, *see United States v. Raymo, supra*, and *United States v. Kitchen*, 5 U.S.C.M.A. 541, 18 C.M.R. 165 (1955), or not accepted and told to return at a later date, *United States v. Rayle, supra*. It is also distinguishable from those cases in which the absentee contends that military authority made no effort to exercise control over him when he attempted to surrender. *See United States v. Reeder*, 22 U.S.C.M.A. 11, 46 C.M.R. 11 (1972). When there is an attempt to exercise military control over an absentee and he does not completely submit, the absence is not constructively terminated. Finding

an incomplete submission to the attempted exercise of control in this case, we reject the accused's claim of constructive termination. *Accord, United States v. Gardenier*, No. 78 0894 (N.C.M.R. 16 November 1978) (unpublished).

Accordingly, the findings of guilty and sentence as approved on review below are affirmed.

Senior Judge DUNBAR and Judge GREGORY concur.