**UNITED STATES**

v.

**John Robert CLAUSSEN, 546 37 7153, Seaman Recruit (E–1), U. S. Naval Reserve.**

**NMCM 82 4177.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 29 June 1982.

Decided 28 Jan. 1983.

CDR Matthew J. Wheeler, JAGC, USNR, Appellate Defense Counsel.

LT Judy A. Jacobson, JAGC, USNR, Appellate Defense Counsel.

MAJ E.D. Clark, USMC, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and GARVIN, JJ.

BYRNE, Judge:

Seaman Recruit Claussen was tried by special court-martial by a military judge sitting alone. In accordance with his pleas, the military judge found him guilty of three unauthorized absence offenses and two breaking restriction offenses, violations, respectively, of Articles 86 and 134, Uniform Code of Military Justice (UCMJ). Seaman Recruit Claussen's sentence to a bad-conduct discharge, confinement at hard labor for 1 month, and forfeiture of $367.00 for 1 month was approved as adjudged.

The unauthorized absence in question began when Seaman Recruit Claussen absented himself from his ship on February 1, 1982, while it was located at the Puget Sound Naval Shipyard in Bremerton, Washington. The specification stated the absence did not terminate until April 20, 1982.

The providence inquiry and Defense Exhibit B show that sometime between the alleged commencement and termination date of this unauthorized absence, appellant's family contacted an active duty Navy chaplain, Lieutenant L., concerning the unauthorized absence. As a result, Seaman Recruit Claussen was interviewed by the chaplain about a week *prior* to the alleged termination date of his unauthorized absence.

The interview took place at the chaplain's command—the Naval Communications Station in Stockton, California. Its scope encompassed appellant's problems prior to and during his active duty service.

Appellant was not apprehended by the chaplain, nor did he offer or intend to surrender to the chaplain. Both understood that the chaplain was providing guidance to the appellant in his capacity as a spiritual advisor.

Appellate defense counsel asserts the military judge erred by not conducting a further inquiry into the providency of the plea after the stipulated testimony of the chaplain was admitted during presentencing as Defense Exhibit B. Specifically, the contention is that "the stipulation raised the

possibility that the chaplain may have exercised sufficient control over appellant to terminate his unauthorized absence at Stockton..." Defense brief. The exact words of the chaplain in Defense Exhibit B that appellate defense counsel asserts mandated further inquiry were:

After discussing the situation, John [the appellant] agreed that he should surrender himself to military authorities. I made arrangements for him to surrender himself at the gate at Naval Station, Treasure Island, which he did.

Brackets supplied.

The assigned issue, consequently, in this case is:

WAS THE APPELLANT'S UNAUTHORIZED ABSENCE TERMINATED BY THE EXERCISE OF MILITARY CONTROL OVER HIM BY THE NAVY CHAPLAIN?

We conclude that the Navy chaplain did not exercise any military control over the appellant.

■ An unauthorized absence may be terminated by a return to military control. *United States v. Jackson,* 1 U.S.C.M.A. 190, 2 C.M.R. 96 (1952).

■ A meeting between an unauthorized absentee and military personnel who know of his status and who possess authority to apprehend, pursuant to Article 7 of the UCMJ, 10 U.S.C. § 807, does not necessarily terminate the absence. *United States v. Sandell,* 9 M.J. 798 (N.C.M.R.1980); *United States v. Pettersen,* 14 M.J. 608 (A.F.C.M.R. 1982); *United States v. Self,* 35 C.M.R. 557 (A.B.R.1965); and *United States v. Johnstone,* 8 C.M.R. 401 (A.B.R.1953).

But, once an absentee is given *orders* by military personnel authorized to apprehend, by which the absentee can terminate his absence *and* once the absentee submits to these orders, the unauthorized absence is terminated. *See United States v. Raymo,* 1 M.J. 31 (C.M.A.1975); *United States v. Bryant,* 2 C.M.R. 563 (N.B.R.1951); *United States v. Loper,* 25 C.M.R. 778 (A.F.B.R. 1957); *United States v. Brown,* 24 C.M.R. 585 (A.F.B.R.1957); and *United States v.*

*Dupree,* 13 C.M.R. 862 (A.F.B.R.1953). *But see United States v. Rayle,* 6 M.J. 836 (N.C. M.R.1979) and *United States v. Gossett,* 12 C.M.R. 811 (A.F.B.R.1953).

■ An order *tells* the service person receiving the order what to do or not to do. *United States v. McLaughlin,* 14 M.J. 908 (N.M.C.M.R.1982). The nature of the communication and its surrounding circumstances are sufficient to determine if the service person receiving the order has been told what to do or not to do. *See United States v. Mitchell,* 6 U.S.C.M.A. 599, 20 C.M.R. 295 (1955).

■ Reading the providency inquiry in the record of trial and Defense Exhibit B as an integrated whole, we find the evidence shows that the chaplain only *encouraged,* as a spiritual adviser, Seaman Recruit Claussen to surrender at the Naval Station at Treasure Island.

We conclude that advice and encouragement were provided to Seaman Recruit Claussen, but no order was given by the chaplain. *See, United States v. Moyer,* 11 M.J. 568 (A.F.C.M.R.1981); *United States v. Coglin,* 10 M.J. 670 (A.C.M.R.1981); *United States v. Self,* 35 C.M.R. 557 (A.B.R.1965). As no order was given to appellant, his adherence to the advice and encouragement of Lieutenant L., does not constitute submission to an order. Consequently, the appellant did not submit to an order so as to terminate the unauthorized absence prior to the date alleged in the specification.

For the foregoing reasons, we conclude that appellant's assignment of error is without merit.

The factual situation does raise the collateral issue as to whether Seaman Recruit Claussen voluntarily terminated his unauthorized absence status when he was interviewed by Lieutenant L. Consequently, we believe another issue to be:

DID THE APPELLANT VOLUNTARILY TERMINATE HIS UNAUTHORIZED ABSENCE?

We conclude that he did not voluntarily terminate his unauthorized absence.

The legal principles relative to this determination were enumerated by Senior Judge Jones in *United States v. Coglin,* 10 M.J. 670 (A.C.M.R.1981) and were favorably endorsed by the Air Force Court of Military Review in *United States v. Moyer, supra. Coglin* states that for a voluntary termination initiated by the absentee to become effective, three factors must be present.

First, the absentee must present himself to competent military authority with the intention of returning to military duty. *United States v. Jackson* [1 U.S.C. M.A. 190, 2 C.M.R. 96 (1952)], *supra; United States v. Rayle,* 6 M.J. 836 (N.C. M.R.1979); *United States v. Self,* 35 C.M.R. 557 (A.B.R.1965). He must present himself personally, a phone call being insufficient, *United States v. Acemoglu,* 21 U.S.C.M.A. 561, 45 C.M.R. 335 (1972), but he need not report to a military installation; a recruiting office and a selective service office being sufficient for the purpose. *United States v. Kitchen,* 5 U.S.C.M.A. 541, 18 C.M.R. 105 (1955); *United States v. Raymo,* 1 M.J. 31 (C.M.A.1975). Even a return to a military reservation does not automatically result in a termination as an absentee's casual presence on an installation for his own private purpose will not satisfy this requirement. *United States v. Jackson, supra; United States v. Self, supra.* Additionally, the competent military authority to whom the absentee must present himself must be someone with authority to apprehend, *e.g.,* a commissioned officer, *United States v. Raymo, supra;* a noncommissioned officer, *United States v. Kitchen, supra;* a military policeman, see *United States v. Reeder,* 22 U.S.C.M.A. 11, 46 C.M.R. 11 (1972). *See* paragraph 19a, *Manual for Courts-Martial, United States, 1969 (Revised edition).*

The second requirement that must be present for the termination of an absence is that the absentee must identify himself properly and must disclose his status as an absentee. *United States v. Raymo, supra; United States v. Jackson, supra; United States v. Rayle, supra.* Both identity as a member of the military and status as an absentee must be divulged. Furnishing information on the former while at the same time concealing, misrepresenting or even remaining silent on the latter would not suffice to supply the requisite degree of knowledge. An exception to this requirement that the absentee must affirmatively divulge his identity and status would be in those situations where the competent military authority was already aware of the absentee's status or, having a duty to inquire, could have determined the status by reasonable diligence. *United States v. Jackson, supra; United States v. Rayle, supra.*

The final necessary requirement for the termination of an absence is that the military authority, with full knowledge of the individual's status as an absentee, exercises control over him. *United States v. Raymo, supra.* The measure of military control exercised may be as seemingly unimportant as referring the absentee to some other individual to solve his problem. Again an exception would occur if the military authority declined to exercise control over the absentee or was slow in the exercise of such control. In that event, the Government would not be permitted to deny a termination of absence because of the failure to exercise control. *United States v. Jackson, supra; United States v. Rayle, supra.*

Footnotes omitted.

Without committing ourselves to be bound by every minor nuance in the above recitation in the future, we nevertheless commend these principles as a starting point upon which to gauge future voluntary termination cases in the naval service.

In applying the facts of the instant case, we find a deficiency in two of the three categories enumerated by the Army Court of Military Review in *Coglin.* Although Seaman Recruit Claussen presented himself personally to Lieutenant L., an individual authorized to apprehend, he had no intention of returning to military duty at that time. Further, as we have previously

discussed, there was no exercise of military control by Lieutenant L. over Seaman Recruit Claussen.

Accordingly, the findings and sentence, as approved on review below, are affirmed.

Senior Judge GLADIS and Judge GARVIN concur.